**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VERONICA MOODY JOHNSON,
Plaintiff-Appellant,

v.

CITY OF CHESAPEAKE, VIRGINIA, a
municipal corporation, itself; CITY
COUNCIL OF THE CITY OF CHESAPEAKE,
VIRGINIA, in its official capacity;
PLANNING COMMISSION OF THE
CITY OF CHESAPEAKE, VIRGINIA, in its
official capacity; WILLIAM E. WARD;
DALTON S. EDGE; JOHN A.
COSGROVE; JOHN M. DE TRIQUET;
ALAN P. KRASNOFF; DWIGHT M.
PARKER; WILLIAM H. PIERCE; DEBBIE
RITTER; GENE A. WATERS, In their

official capacity as members of the
city council of the City of
Chesapeake and Personally, in their
individual capacities; RODNEY L.
FOSTER; CLIFTON D. CABARRAS;
EDWARD L. HALL; FRANKIE W.
CARROLL; BRYAN L. COLLINS; SANNY
S. DAVENPORT; LARRY W. RADFORD;
GLADYS A. WILFORE; THOMAS T.
WINBORNE, In their official capacity
as members of the Planning
Commission of the City of
Chesapeake, Virginia and
Personally, in their individual
capacities,
Defendants-Appellees.

No. 99-2256

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-99-736-2)

Submitted: January 18, 2000

Decided: February 25, 2000

Before WIDENER, TRAXLER, and KING, Circuit Judges.

_____

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Veronica Moody Johnson, Appellant Pro Se. Thomas Jeffrey Salb,
BREEDEN, MACMILLAN & GREEN, Norfolk, Virginia, for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Veronica Moody Johnson sought a special exception permitting her
to keep a five-foot high brick wall she built around her home in Ches-
apeake, Virginia. The local ordinance limited fence heights to four
feet. When the Chesapeake Planning Commission and the Chesa-
peake City Council both denied her application, Ms. Johnson filed

2

separate, but essentially identical, actions in federal district court and in the Circuit Court of the City of Chesapeake, seeking injunctive relief and damages. The federal district court dismissed, without prejudice, the federal action, citing Burford abstention grounds. See Burford v. Sun Oil Co., 319 U.S. 315, 333-36 (1943) (holding that when timely and adequate state court review is available, federal court sitting in equity should abstain from review of cases involving difficult questions of state law or state's administration of its own regulatory schemes). Ms. Johnson timely appealed. We hold that the dismissal of Ms. Johnson's claims that sounded in equity was proper. However, because a district court may not dismiss, on Burford abstention grounds, claims for damages at law, we reverse the dismissal of those claims.

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). However, "federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." Id. (internal quotations and citations omitted). Zoning and land use decisions are fundamentally matters of state law, and Ms. Johnson has a lawsuit pending in state court that virtually duplicates the claims raised in federal court. When it falls within our discretion to do so, we abstain from review of such cases in deference to the state's complex regulatory scheme for managing land use. See Pomponio v. Fauquier County Bd. of Supervisors , 21 F.3d 1319, 1327 (4th Cir. 1994) ("[W]e believe that in the usual case federal courts should not leave their indelible print on local and state land use and zoning law by entertaining these cases and, in effect, sitting as a zoning board of appeals[.]"). Thus, to the extent that Ms. Johnson's complaint demanded equitable relief, the district court properly dismissed those demands.

On the other hand, the Supreme Court has held that a district court may not dismiss, under Burford abstention, claims for monetary damages at law, noting that, "[W]e have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether." Quackenbush, 517 U.S. at 730; see also Johnson v. Collins Entertainment Co., Inc., 199 F.3d 710, 727 (4th Cir. 1999) (noting that "the [Supreme] Court

3

held [in Quackenbush] that Burford can support only a stay, and not the outright dismissal or remand, of a damages action"). Thus, a district court may not, on Burford abstention grounds, relinquish jurisdiction over claims for damages at law, and consistent with Quackenbush, we reverse the district court's dismissal of Ms. Johnson's damages claims at law.

In so reversing, we note that the Sixth Circuit's recent decision in MacDonald v. Village of Northport, Michigan, 164 F.3d 964, 970 (6th Cir. 1999), which permitted the complete dismissal of a complaint demanding monetary relief, is not to the contrary. First, insofar as the MacDonald court held that "the Burford abstention doctrine and the Eleventh Amendment created `grounds together' to dismiss" the case in its entirety, id. at 973, it is unclear which basis justified the dismissal of the claims for money damages. However, the MacDonald court implied that dismissal of the damages claims was not justified on Burford grounds, noting that "The Fourth Circuit has recognized that Quackenbush overruled Pomponio to the extent that Pomponio permitted a district court to dismiss an action for damages rather than enter a stay to await the conclusion of state proceedings." MacDonald, 164 F.3d at 969 n.4. Second, while one of the counts in the MacDonald complaint did seek monetary relief, the monetary relief sought was in the nature of restitution.* Because restitution is an equitable remedy, cf. Maryland Dept. of Human Resources v. United States Dept. of Agriculture, 976 F.2d 1462, 1482 (4th Cir. 1992) (noting the "equitable nature of restitution"), dismissal of that equitable claim could have been proper on Burford grounds. Finally, to the extent that the demand for monetary damages did constitute a claim at law, the Sixth Circuit relied upon the Eleventh Amendment to permit dismissal of the complaint, and the Eleventh Amendment could have been the sole justification for the dismissal of those demands for monetary damages at law. Regardless, we are confident that the Sixth Circuit did not intend to endorse the complete dismissal, on Burford abstention grounds, of a claim for monetary damages at law.

_____
*"Count II alleged that the Village had `taken' the MacDonalds' property without just compensation, and that the MacDonalds were damaged, by the loss of quite enjoyment of their property and by the diminution of its value, in an amount over $50,000." MacDonald, 164 F.3d at 967.

4

Therefore, we affirm the dismissal of the claims in equity and reverse the dismissal of the damages claims. We deny Ms. Johnson's motion for oral argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, REVERSED IN PART,</u>
<u>AND REMANDED</u>

5